1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8   HEADHUNTER, LLC,

9                           Plaintiff,           Case No. C17-0987-MAT

10           v.

11   POULLINE-JAUN CASTILLO, et al.,             ORDER DENYING DEFENDANT
                                                CASTILLO'S MOTION TO DISMISS

12                          Defendants.

13                           INTRODUCTION

14          Defendant Poulline-Jaun Castillo,[1] proceeding pro se, moves to dismiss the copyright

15   infringement action brought against her by plaintiff Headhunter, LLC. (Dkt. 36.) Plaintiff opposes

16   the motion to dismiss. (Dkt. 52.) For the reasons set forth below, the Court DENIES defendant

17   Castillo's motion.

18                            BACKGROUND

19          On June 30, 2017, plaintiff filed suit alleging numerous Doe defendants infringed on its

20   copyrighted picture, *A Family Man*, by illegally downloading the movie via peer-to-peer (P2P) or

21   BitTorrent file swapping networks. (Dkt. 1.) At the time of filing, plaintiff could identify the Doe

22

23          [1] Defendant states her legal name is "Poulline-Jaun C. Castillo," rather than "Paulline Castillo," as
     indicated in the Amended Complaint. The Clerk is directed to correct the docket with this modification to
     plaintiff's name.

ORDER DENYING DEFENDANT
CASTILLO'S MOTION TO DISMISS - 1

defendants only by their Internet Protocol (IP) address and the date and time of alleged infringement. Utilizing forensic software, with geolocation functionality, plaintiff scanned P2P networks and isolated Internet Service Provider (ISP) addresses in the Western District of Washington responsible for copying and distributing its motion picture. Plaintiff used that information, along with corresponding hash values and transaction dates and times, to identify a "swarm" of users reproducing, distributing, displaying, and/or performing the copyrighted work.

Not long after receipt of the complaint, the Court granted plaintiff's motion for expedited discovery from non-party ISPs. (Dkt. 8.) Plaintiff issued subpoenas, acquired the identities of defendants, where available, and conducted other fact finding, including analysis of the BitTorrent activity and investigation through Google address mapping and/or county records, and, in some instances, investigative databases and social media sites. (*See* Dkt. 12.) Plaintiff sent letters to identified individuals or their counsel requesting voluntary participation in identifying actual infringers, to the extent different from the ISP subscribers, and attempted informal follow-up where responses were received. (*See id*.) Plaintiff thereafter filed an amended complaint identifying defendants, including Castillo, by name. (*Id*.)

## DISCUSSION

In seeking dismissal, defendant Castillo denies the claims of copyright infringement, asserts she did not know of or authorize any infringing activity, and maintains plaintiff filed this action without sufficient evidence. (Dkt. 36.) Castillo argues plaintiff insufficiently relies on her mere purchase of internet access, and does not establish the identity of the individual utilizing that access to infringe on the copyright or ensure an "unidentified other did not use that access." (Id. at 1.) Castillo avers she took steps to identify the responsible party, including asking family members, relatives, and other household visitors, reviewing electronic devices, contacting the ISP

1  to make changes to service, and changing appliances to prevent further security issues, but was

2  unable to identify the responsible party.

3      The Court construes Castillo's motion as seeking dismissal for failure to state a claim upon

4  which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In considering a Rule

5  12(b)(6) motion to dismiss, the Court must determine whether the complaint alleges factual

6  allegations stating a claim for relief that is "'plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

8  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

9  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*,

10  550 U.S. at 556).  While detailed factual allegations are not necessary, a complaint must offer

11  "more than labels and conclusions" and contain more than a "formulaic recitation of the elements

12  of a cause of action[.]"  *Twombly*, 550 U.S. at 555.  Dismissal is appropriate if the complaint fails

13  to state a cognizable legal theory or fails to provide sufficient facts to support a claim.  *Robertson*

14  *v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

15      With a Rule 12(b)(6) motion, the Court accepts all facts alleged in the complaint as true,

16  and draws all inferences in the light most favorable to the non-moving party.  *Barker v. Riverside*

17  *County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).  The Court is not bound to accept the

18  non-moving party's legal conclusions.  *Iqbal*, 556 U.S. at 678.  The ultimate question of whether

19  a plaintiff's allegations have merit "can be explored in discovery and, if necessary, at trial."

20  *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

21      To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid

22  copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns,*

23  *Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  In this case, there is no dispute plaintiff is

the owner of a valid copyright in the motion picture *A Family Man*. (*See* Dkt. 12, ¶¶5-6 and Ex. A (registered copyright)); *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002) (registration considered prima facie evidence of validity of copyright). The question before the Court is whether plaintiff pleads sufficient facts to state a claim of copyright infringement by Castillo. The Court, as discussed below, finds the facts alleged sufficient to state a claim and to survive the motion to dismiss.

Plaintiff alleges ISP provider Comcast identified Castillo as the subscriber to a specific IP address during the relevant time period, that Castillo's IP address was observed infringing plaintiff's motion picture during that time period, and that the downloading of the motion picture was part of a significant BitTorrent activity associated with Castillo's and others' IP addresses, rather than an isolated instance of infringement. (Dkt. 12, at ¶¶ 10, 12, 18.) Plaintiff alleges the volume, titles, and persistent BitTorrent activity associated with the IP addresses of the defendants indicated they were either the primary subscriber or someone residing with the primary subscriber and an authorized user, and not a transitory or occasional guest, and that, given the typical capacity of residential data services, any user would likely have been aware of at least some of the infringing activity through general service slowdown. (*Id.*, ¶12.) Plaintiff alleges the materials shared and downloaded would not be of interest to a child, and that the physical location and layout of Castillo's residence make it unlikely the IP address was hijacked by someone outside the residence. (*Id.*, ¶¶ 12, 14.)

Contrary to Castillo's contention, the amended complaint relies on far more than the mere fact she was assigned and paid for a particular IP address associated with infringing activity. As found in similar cases filed in this district, the Court finds the amended complaint to set forth a facially plausible claim of copyright infringement by Castillo. *See, e.g., Criminal Prod., Inc. v.*

ORDER DENYING DEFENDANT
CASTILLO'S MOTION TO DISMISS - 4

*Winter*, C16-1351-RAJ; C16-1647-RAJ (Dkt. 36) (W.D. Wash. Jun. 29, 2017) (motion to dismiss denied where plaintiff alleged IP addresses observed infringing a copyrighted motion picture on a certain date and for other periods of time, the physical make-up and layout of residences and ISP security measures made it unlikely the IP addresses had been hijacked, and the infringing activity was not an isolated incident and would have diminished the bandwidth of internet connections such that plaintiffs would likely have been aware of the activity); *QOTD Film Invest., Ltd. v. Does 1-14*, C16-0371-RSL (Dkt. 70) (W.D. Wash. Oct. 11, 2016) (motion to dismiss denied where plaintiff was subscriber to a specific IP address observed to have infringed on plaintiff's motion picture during the relevant time period, the download was not an isolated infringement and was one instance of significant BitTorrent activity, the material would not be of interest to a child, the physical location and layout of the residence made it unlikely the IP address was hijacked, and the use of the IP address for the activity was extensive enough that an inference of knowledge and permission arose). *Cf. LHF Prod., Inc. v. Doe 1*, C16-1273-RSM (Dkt. 53) (W.D. Wash. Feb. 23, 2017) (granting unopposed motion to dismiss where plaintiff relied solely on the assignment of a particular IP address to assert personal involvement in BitTorrent swarm).

Castillo's denial of liability is not properly considered at this stage of the proceedings. The Court is not required "at the motion-to-dismiss stage to consider whether the factual allegations are probably true." *Iqbal*, 556 U.S. at 696 (citing *Twombly*, 550 U.S. at 555). The Court must, on the contrary, take the allegations as true. *Id*. Nor is dismissal warranted based on Castillo's contention plaintiff failed to sufficiently exclude the possibility another individual engaged in the infringing activity. Plaintiff's allegations, as described above, suffice to set forth "more than a sheer possibility" Castillo engaged in the infringing activity. *Id*. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully.") (quoting *Twombly*, 550 U.S. at 556). Plaintiff, moreover, alleges both direct and, alternatively, indirect infringement. (Dkt. 12, ¶12.) The facts alleged suffice to give rise to a reasonable inference Castillo would have, at the least, been aware of infringing activities or materially contributed to those activities by providing the internet access. *QOTD Film Invest., Ltd*, No. C16-0371-RSL (Dkt. 70 at 4). Discovery will allow for factual development as to Castillo's liability, including whether she directly engaged in copyright infringement or was on notice of and can be held responsible for another individual's infringing activity.[2] There is, for this reason and for the reasons stated above, no basis for dismissing plaintiff's claims of copyright infringement against Castillo.

CONCLUSION

Defendant Castillo's motion to dismiss (Dkt. 36) is DENIED. The Clerk is directed to send a copy of this Order to the parties.

DATED this 9th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Discovery will also allow for consideration of the efforts described by plaintiff to identify the infringing party. Plaintiff states that, if true, Castillo did not provide information regarding such efforts, or provide that information in a verified form. Castillo did not submit a reply addressing this or any other arguments or assertions in plaintiff's opposition.

ORDER DENYING DEFENDANT
CASTILLO'S MOTION TO DISMISS - 6