UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEADHUNTER, LLC,<br><br>    Plaintiff,<br> v.<br><br>PAM WATERMAN,<br><br>    Defendant. | CASE NO. C17-0987JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiff Headhunter, LLC's ("Headhunter") motion for default judgment against Defendant Pam Waterman (Doe 13). (Mot. (Dkt. # 87).) Ms. Waterman did not respond. (*See* Dkt.) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part the motion as specified herein.

//

//

ORDER - 1

## II. BACKGROUND

Headhunter alleges that Ms. Waterman utilized a BitTorrent file sharing protocol to illegally copy and download Headhunter's copyrighted motion picture, *A Family Man*. (FAC (Dkt. # 12) ¶¶ 1, 5.) Headhunter initiated this lawsuit against 19 "Doe" Defendants, identified by Internet Protocol ("IP") addresses that, at a particular time, accessed a unique identifier associated with a digital copy of *A Family Man*. (Compl. (Dkt. # 1) ¶¶ 10-17.) The court permitted Headhunter to seek expedited discovery from internet service providers ("ISPs") to obtain subscriber identities for the relevant IP addresses at the relevant time. (*See* Dkt. # 8.) Headhunter has now either settled with or voluntarily dismissed 18 Defendants. (*See generally* Dkt.) Ms. Waterman is the only remaining Defendant in this matter. (*See id.*)

## III. ANALYSIS

Based on this court's entry of default against Ms. Waterman (*see* Order (Dkt. # 51)) and pursuant to Federal Rule of Civil Procedure 55, the court has the authority to enter a default judgment, *see* Fed. R. Civ. P. 55(b). However, prior to entering default judgment, the court must determine whether the well-pleaded allegations of Headhunter's complaint establish Ms. Waterman's liability. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also POW Nevada, LLC v. Stevenson*, No. C17-1213RSM, 2018 WL 3956128, at *1 (W.D. Wash. Aug. 17, 2018). In making this determination, the court must accept the well-pleaded allegations of a complaint, except those related to damage amounts, as established fact. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). If those facts establish liability, the court may, but has no

obligation to, enter a default judgment against Ms. Waterman. *See Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Headhunter must provide the court with evidence to establish the appropriate damages. *Televideo*, 826 F.2d at 917-18.

A.  **Liability Determination**

To establish copyright infringement, Headhunter must demonstrate ownership of a valid copyright and that Ms. Waterman copied "constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Here, Headhunter alleges that it owns the exclusive copyright to the motion picture *A Family Man*. (FAC ¶¶ 5–9.) Headhunter also alleges that Ms. Waterman unlawfully copied and/or distributed the same digital copy of *A Family Man*. (*Id.* ¶¶ 10, 28, 37, 42.) Because Ms. Waterman did not respond to Headhunter's amended complaint, the court must accept Headhunter's allegations in the amended complaint as true. *See* Fed. R. Civ. P. 8(b)(6). Accordingly, the court finds that Headhunter has established that Ms. Waterman is liable for copyright infringement.

B.  **Default Judgment is Warranted**

Next, the court must determine whether to exercise its discretion to enter a default judgment. Courts consider the following factors in making this determination:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*POW Nevada*, 2018 WL 3956128, at *2 (citing *Eitel*, 782 F.2d at 1471-72).

Many of these factors weigh in favor of granting default judgment against Ms. Waterman. Headhunter may be prejudiced without the entry of default judgment because it will be left without a legal remedy. *See Dallas Buyers Club, LLC v. Nydam*, No. C14-1684RAJ, 2016 WL 7719874, at *2 (W.D. Wash. Aug. 8, 2016) (finding on similar facts that the plaintiff would be prejudiced without the entry of a default judgment). Further, as discussed, Headhunter has sufficiently pleaded Ms. Waterman's liability, and Ms. Waterman did not present any evidence or argument to the contrary. *See supra* § III.A. Additionally, the amount at stake is relatively modest: Headhunter seeks damages at the lower end of the statutory range, as well as costs and attorneys' fees of $1307.00. (*See* Mot. at 3; Lowe Decl. (Dkt. # 88) ¶¶ 10-12; *infra* § III.C.3.)

The court also finds that there is a low probability that Ms. Waterman's default was due to excusable neglect. Ms. Waterman was properly served with the amended complaint in this action (*see* Dkt. # 31), and she had sufficient opportunity to respond to Headhunter's filings (*see generally* Dkt.). Finally, although there is a strong policy favoring deciding cases on their merits, Ms. Waterman's failure to respond to Headhunter's motions may be considered an admission that Headhunter's motions have merit. *See* Fed. R. Civ. P. 8(b)(6); Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."); *see also POW Nevada*, 2018 WL 3956128, at *2.

//

Conversely, the court recognizes that a dispute concerning the material facts alleged by Headhunter may arise. *See POW Nevada,* 2018 WL 3956128, at *2; *Qotd Film Inv. Ltd. v. Starr,* No. C16-371RSL, 2016 WL 5817027, at *2 (W.D. Wash. Oct. 5, 2016) (acknowledging that a dispute concerning material facts may arise in BitTorrent infringement cases). However, on balance, the *Eitel* factors weigh in favor of entering default judgment against Ms. Waterman.

**C.     Appropriate Relief**

Headhunter asks the court for three types of relief: (1) a permanent injunction; (2) statutory damages; and (3) attorneys' fees and costs. (Mot. at 3-7.) The court addresses each relief type in turn.

1. Injunctive Relief

Headhunter requests that the court enjoin Ms. Waterman from infringing Headhunter's rights in *A Family Man*, as well as ordering that Ms. Waterman destroy or dispose of any copies of *A Family Man* that she obtained through such infringement. (*Id.* at 4.) Courts may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). To obtain a permanent injunction, a party must satisfy a four part test: (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006). In addition, courts may

order the destruction of all copies of the product that were made or used in violation of a copyright owner's exclusive rights. 17 U.S.C. § 503(b).

Similar to other BitTorrent cases, the court finds that the four injunctive relief elements have been established. *See, e.g., Dallas Buyers Club*, 2016 WL 7719874, at *3. Liability against Ms. Waterman has been established, and Ms. Waterman still possesses the means to continue infringing. Accordingly, the court GRANTS Headhunter's request, enjoins Ms. Waterman from infringing on Headhunter's rights in *A Family Man*, and orders Ms. Waterman to destroy all unauthorized copies of *A Family Man* in her possession or under her control.

2. <u>Statutory Damages</u>

Here, Headhunter requests statutory damages "at the lower end of the statutory range." (Mot. at 3.) Under the Copyright Act, a plaintiff may choose between actual or statutory damages. 17 U.S.C. § 504. A court can award statutory damages between $750.00 and $30,000.00 for a copyright infringement, though the award can increase to $150,000.00 if the infringement was committed willfully. *Id.* § 504(c). The purpose of a statutory damage award for willful infringement is to penalize the infringer and to deter future violations of the copyright laws. *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). District courts have "wide discretion in determining the amount of statutory damages to be awarded," *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984), and they may consider whether "the recovery sought is proportional to the harm caused by defendant's conduct," *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (citation omitted). In awarding

statutory damages, courts consider whether the defendant profited from the infringement or was the original violator that made the product unlawfully available. *See Dallas Buyers Club*, 2016 WL 7719874, at *4 (citing the lack of these factors as justification for awarding the statutory minimum $750.00 in damages).

Here, there is no evidence that Ms. Waterman profited from the infringement, or that she was the original "seed" that made *A Family Man* available for BitTorrent download. (*See generally* FAC; Mot. for Default (Dkt. # 46); Mot.) Therefore, consistent with Headhunter's request and prior BitTorrent cases in this district, the court awards Headhunter $750.00 in statutory damages. *See, e.g., POW Nevada*, 2018 WL 3956128, at *3 (citing cases); *Dallas Buyers Club*, 2016 WL 7719874, at *4. To the extent Ms. Waterman's infringement was willful, the court finds that the $750.00 award is adequate to deter Ms. Waterman and others from infringing Headhunter's copyright in the future.

3. Attorneys' Fees and Costs

Finally, Headhunter requests $1166.00 in attorneys' fees and $141.00 in costs associated with bringing this action. (Mot. at 6-7; Lowe Decl. ¶¶ 10-12.) Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party," and "may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In making this determination, courts consider several factors, including "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (legal and factual); and (5) the need to advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d 1213, 1221

(9th Cir. 1996) (citation omitted). The court finds that Headhunter has succeeded on its non-frivolous claims, and that granting Headhunter an award of fees will advance considerations of compensation and deterrence. Thus, the court GRANTS Headhunter's request for attorneys' fees and costs.

In determining the reasonable amount of attorneys' fees, the court first considers the "lodestar" calculation, which is obtained by multiplying the number of hours reasonably expended on the litigation by an hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Here, Headhunter requests reimbursement for work done by its counsel, David Lowe, at $300.00 per hour for 3.5 hours, as well as $145.00 per hour for .8 hours of work done by Mr. Lowe's legal assistant. (Lowe Decl. ¶¶ 10-11.) This district has considered numerous BitTorrent cases by Mr. Lowe. *See, e.g., POW Nevada*, 2018 WL 3956128; *Dallas Buyers Club*, 2016 WL 7719874; *LHF Prods. Inc. v. Doe 1*, C16-0551RSM, 2017 WL 615888 (W.D. Wash. Feb. 15, 2017). In each case, the court has found that a $300.00 per hour rate for Mr. Lowe's work is reasonable because in all of these cases, Mr. Lowe "recycled pleadings used in other cases and encountered little or no opposition from the named defendants." *LHF Prods.*, 2017 WL 615888, at *4; *see also Dallas Buyers Club*, 2016 WL 7719874, at *5. Similar to Mr. Lowe's other BitTorrent cases, the court finds that $300.00 per hour is reasonable because this litigation did not require extensive skill or experience; to the contrary, in this litigation Mr. Lowe used almost identical pleadings from his prior cases.

In light of Mr. Lowe's recycled pleadings, the court finds that 3.5 hours of work is unreasonable. Instead, the court will award Mr. Lowe 2 hours of work at his requested

$300.00 per hour rate. This amount is consistent with this district's prior attorneys' fees awards to Mr. Lowe in BitTorrent cases. *See POW Nevada*, 2018 WL 3956128, at *6 (reducing Mr. Lowe's 4.1 hours request to 2 hours at a $300.00 per hour rate). Likewise, the court will not award any of the legal assistant's fees because the work performed by the legal assistant was purely administrative. (*See* Lowe Decl. at 5 (work entries include "[p]repare summons for process server"; "[s]end summons, amended complaint and exhibits to process server; [c]ommunication with process server"). The court notes that even the hourly work entries are identical to those in prior cases. *See POW Nevada*, 2018 WL 3956128, at *6. Accordingly, the court awards Headhunter 2 hours of attorneys' fees at the requested $300.00 per hour rate.

Headhunter also requests $141.00 in costs, which includes $21.00 for the filing fee, $40.00 for service of process, and $80.00 for the subpoena to retrieve Ms. Waterman's data. (Lowe Decl. ¶ 12.) The court finds that Headhunter's request is reasonable because it only includes fees that relate to Ms. Waterman's role in this litigation, as opposed to fees that relate to all Defendants. *See POW Nevada*, 2018 WL 3956128, at *6.

Therefore, the court awards Headhunter $600.00 in attorneys' fees and $141.00 in costs.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Headhunter's motion. (Dkt. # 87). Specifically, the court permanently enjoins Ms. Waterman from infringing on Headhunter's rights in *A Family Man*, and orders Ms. Waterman to destroy all

unauthorized copies of *A Family Man* in her possession or subject to her control. In addition, Ms. Waterman is individually liable for $750.00 in statutory damages, $600.00 in attorneys' fees, and $141.00 in costs. The court also DIRECTS the Clerk to enter judgment consistent with this order.

Dated this 15th day of October, 2018.

JAMES L. ROBART
United States District Judge